UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **TRACY HOUCK, ET AL.** | **CIVIL ACTION 10-CV-1268** |
| **VERSUS** | **JUDGE MAURICE S. HICKS** |
| **CREDITORS FINANCIAL GROUP, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### MEMORANDUM ORDER

Before the Court is Defendant Trans Union LLC's ("Trans Union") Motion for Partial Dismissal. (Record Document 29). The Plaintiffs, Tracy W. Houck and Angela F. Houck ("the Houcks"), have filed no opposition to the motion therefore it is deemed unopposed. For the reasons which follow, the Defendant's Motion is **GRANTED**.

### BACKGROUND

According to the Houcks, Creditors have been overzealously attempting to recover a debt since April 2009. (Record Document 1). After contesting the debt, the harassing behavior ceased but the Plaintiffs argue the damage to their credit history remains. (Record Document 1 at 7).

On September 3, 2009 the Houcks sent a "dispute and request for validation" to Trans Union. (Record Document 1 at 6). The Houcks claim Trans Union received this via certified mail on or near September 9, 2009 but never responded. (Record Document 1 at 7). The Houcks claim Trans Union continues to report negative credit history resulting from this debt. See Id. The Houcks accuse Trans Union of conspiring with Creditors Financial Group, LLC to "damage their reputation for credit worthiness." (Record Document 1 at 8).

On August 11, 2010, the Plaintiffs filed a complaint alleging violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), Louisiana Consumer Credit Law ("LCCL"), Intentional Infliction of Emotional Distress and Defamation. (Record Document 1). The Houcks also request "this Court to issue a Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages." (Record Document 1 at 1).

Trans Union has filed a Motion for Partial Dismissal on (i) The Louisiana Unfair Trade Practices and Consumer Protection Act claim; (ii) The Louisiana Consumer Credit Law claim; (iii) The Defamation claim; and (iv) The claim for injunctive relief. (Record Document 29-1) In the alternative, Trans Union Moves to Compel the Houcks to produce a more definite statement on these claims. (Record Document 29-1 at 2).

## LAW AND ANALYSIS

In evaluating a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). However, the court "will not strain to find inferences favorable to the plaintiff." Southland Sec. Corp. v. INSpire Ins. Solutions Inc., 365 F.3d 353, 361 (5th Cir. 2004).

In order to survive Defendant's challenge to his Petition, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d at 205 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). Those "[f]actual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the

Petition are true (even if doubtful in fact)." Id. In addition, the facts as pled must be "specific," and "not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994). "Rule 12(b)(6) must be read in conjunction with Rule 8(a), which required a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " Lindgren v. Spears, 2010 WL 5437270 (S.D. Tex. 2010); citing Twombly, 550 U.S. at 562-63.

**I. LUTPA**

The LUTPA states, in pertinent part, "[u]fair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La. R.S. 51:1405.[1] Under this claim, the Houcks state that Trans Union disclosed information, affecting the plaintiff's reputation, that they knew or had reason to know was false. (Record Document 1 at 11). Further, Trans Union violated the LUTPA by "disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing the fact." (Record Document 1 at 12). The only other facts pled that relate to Trans Union are that the Houcks sent Trans Union, via certified mail, a dispute and request for validation letter, which Trans Union never responded to.

Taking all these facts in a light most favorable to the Houcks, the factual basis for this claim is unclear and legally insufficient. Rather, it appears the Houcks have made only conclusory accusations without any factual basis whatsoever. Noting the silence of the Houcks on opposing this motion, the Court finds it appropriate to dismiss this claim as to Trans Union as the Houcks have failed to state a claim upon which relief can be granted.

---

[1]While Trans Union cites to the to La. R.S. 51:4105 and 54:4105, (Record Document 29-1 at 3) the LUTPA is located in Title 51 Chapter 13 Section 1405 of the Louisiana Revised Statutes.

**II. LCCL**

The LCCL prohibits unauthorized debt collection practices. The statute sets out certain requirements of *creditors* when collecting debts. La. R.S. 9:3562. "Civilian methodology instructs that where the law does not lead to ambiguous or absurd results, it must be applied as written." <u>Willis-Knighton Medical Center v. Caddo Shreveport Sales and Use Tax Com'n</u>, 903 So.2d 1071, 1087 (2005); citing La. Civ. Code art. 9. This statute, on its face, does not apply to Trans Union as it has not been pled that Trans Union is a creditor but rather a credit reporting agency. (Record Document 1 at 4). Therefore, the LCCL claim against Trans Union is dismissed.

**III**. **Defamation**

The Houcks' defamation claim is brought under the accusation that "the communications perpetrated by...Trans Union...are capable of a defamatory meaning on their face and are defamatory *per se*." (Record Document 1 at 15). The only communications mentioned in the Houcks' complaint that involve Trans Union are presumably the credit reports Trans Union issued. There are insufficient facts in the Houcks' complaint to state a claim against Trans Union for defamation. Therefore, the Houcks' defamation claim against Trans Union is dismissed.

**IV. Injunctive Relief Under the Fair Credit Reporting Act**

The Houcks have requested injunctive relief against all defendants to prevent them "from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt [C]ollection Practices Act, the Louisiana Unfair Trade Practices and Consumer Protection Law, and the Louisiana Consumer Credit Law." Trans Union, in its Motion for Partial Dismissal, has moved for dismissal of the requested relief under the Fair Credit Reporting

Act. ("FCRA"). The Fifth Circuit, when dealing with this issue, has held "that the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC." Washington v. CSC Credit Services Inc., 199 F.3d 263, 268 (5th Cir. 2000). Therefore, Trans Union is correct that injunctive relief is not available to the Houcks under the FCRA. While it is unclear if such relief is available under the other theories cited by the Houcks in their complaint, since they do not oppose this motion, the Court dismisses the Houcks' request for injunctive relief against Trans Union.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** the Defendant's Motion for Partial Dismissal be and is hereby **GRANTED**. Trans Union is dismissed from following of the Houcks' claims: (i) The Louisiana Unfair Trade Practices and Consumer Protection Act claim; (ii) The Louisiana Consumer Credit Law claim; (iii) The Defamation claim; (iv) All claims for injunctive relief.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 13th day of September, 2011.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE