UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **TRACY HOUCK, ET AL.** | **CIVIL ACTION 10-CV-1268** |
| **VERSUS** | **JUDGE MAURICE S. HICKS** |
| **CREDITORS FINANCIAL GROUP, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

Before the Court is Defendant FIA Card Services, N.A.'s ("FIA") Motion to Dismiss. (Record Document 41). The Plaintiffs, Tracy W. Houck and Angela F. Houck ("the Houcks"), have filed no opposition to the motion therefore it is deemed unopposed. For the reasons which follow, the Defendant's Motion is **GRANTED**.

## BACKGROUND

According to the Houcks, Creditors have been overzealously attempting to recover a debt since April 2009. (Record Document 1). After contesting the debt, the harassing behavior ceased but the Plaintiffs argue the damage to their credit history remains. (Record Document 1 at 7).

On September 3, 2009 the Houcks sent a "dispute and request for validation" to FIA. (Record Document 1 at 6). The Houcks claim FIA received this via certified mail on or near September 9, 2009 but never responded. (Record Document 1 at 7). FIA never informed the Houcks that their claim was frivolous or irrelevant. See id. Bank of America performed a "charge off/write off" of $11,793.00 and FIA reported this "although the reported debt was only $2645.00." See id. FIA continued to report this tradeline to credit reporting agencies

even though they knew it was "reasonably disputed." (Record Document 1 at 8). FIA is accused of conspiring with co-defendant Creditors Financial Group, LLC to "attempt to enforce a debt when they had sufficient knowledge to know that the claim was not accurate." See id.

On August 11, 2010, the Plaintiffs filed a complaint alleging violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), Louisiana Consumer Credit Law ("LCCL"), Intentional Infliction of Emotional Distress and Defamation. (Record Document 1). The Houcks also request "this Court to issue a Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages." (Record Document 1 at 1).

FIA has filed this Motion to Dismiss and, Alternatively, For More Definite Statement (Record Document 41) claiming insufficient service of process under Rule 12(b)(5) and 4(m) as well as failure to state a claim for which relief can be granted under Rule 12(b)(6). The Houcks have not responded to this motion, therefore it is deemed unopposed.

## LAW AND ANALYSIS

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 91, 104 (1987). The requirements of Federal Rule of Civil Procedure 4m are:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the district court, upon motion or on its own initiative after notice to the plaintiff, must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.

Wright v. Potter, 350 Fed. Appx. 898, 899 (5th Cir. 2009).

If "good cause" is shown for the failure to make service within this time period, the court *must* extend the time for service. See id. Even without a showing of good cause, the Fifth Circuit has held "that a plaintiff should be allowed additional time to perfect service under Rule 4(m) where the claims would be otherwise time-barred and there is no clear record of delay or evidence of contumacious conduct." See id.

FIA is a national bank, and therefore the rules that apply to serving a corporation, partnership or association should apply. Bailey v. Chase Bank USA N.A., 2010 WL 4867963 (S.D. W. Va. 2010). Therefore, the Houcks must have either: (i) served FIA by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. Rule 4(e)(1); or (ii) delivered "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. Rule 4(h)(B).

To have followed the first option of service, the Houcks must have followed Louisiana's Long Arm statute, La. R.S. § 13:3201. To comply with this statute, the Houcks were required to mail FIA a copy of the summons and complaint "by registered or certified mail, or actually delivered to the defendant by commercial courier. " La. R.S. § 13:3201(A).

The Houcks' filed this Complaint on August 11, 2010. (Record Document 41-1

at 4). According to the Houcks, service was attempted on FIA at some point in January of 2011, at best 143 days from the filling of the Complaint. See id. This attempt was returned as non-deliverable. See id. On May 13, 2011, this Court extended the Rule 4(m) service period until May 31, 2011. (Record Document 23). In this Memorandum Order, the Court warned the Houcks that if they failed to file evidence of service by this new deadline, "the claims against [the non-served defendants] will be subject to dismissal without further notice." See id. On May 31, 2011, the Houcks stated that they attempted to serve FIA at their corporate office located at 1100 N. King Street in Wilmington, Delaware.[1] (Record Document 24 at 1). This was returned to the Houcks as non-deliverable. See id. They then stated that they have attempted service at a new address in Greensboro, North Carolina and that this served as good cause for a second Rule 4(m) extension.

Following this response by the Houcks, this Court again extended the proof of service deadline to July 8, 2011. (Record Document 28). In this Memorandum Ruling, this Court made it clear that this was the final extension absent a showing of "very good cause." See id. On July 8, 2011, the Houcks stated that service was successful on FIA at the Greensboro, North Carolina address and evidence of this would be filed into the record shortly thereafter. (Record Document 37). To date, this evidence has not be filed into the record.

A dismissal by this Court for a failure to properly serve FIA would, in effect, act

---

[1] The Houcks attempted service at 1100 N. King Street, FIA is located at 1100 King Street.

as a dismissal with prejudice due to the applicable prescription periods. Therefore, the Court is aware that dismissal is only appropriate in certain circumstances. The Fifth Circuit has stated that "[a] district court's dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." Millan v. USAA General Indem. Co. 546 F.2d 321, 326 (5th Cir. 2008). "Additionally, where this Court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." See id.

FIA argues that dismissal is appropriate because "the facts summarized above show a 'clear record of delay' and because Plaintiffs' extreme lack of diligence is equivalent to 'delay caused by intentional conduct.' " (Record Document 41-1 at 7). FIA states that their correct address for service is 1100 King Street in Wilmington, Delaware.

In Millan, the plaintiff was only four days late serving the defendant and therefore dismissal was inappropriate. Unlike Milan, the Houcks have shown a "clear record of delay." This Court has extended the 4(m) 120-day deadline from its original date of December 9, 2010 all the way to July 8, 2011. This gave the Houcks 331 days to properly serve FIA. It has been over a year since the Houcks filed their original petition and, even with the aid of two extensions, the Houcks have still failed to do as this Court instructed them in regards to service of FIA. This conduct,

especially when coupled with this unopposed motion, does rise to the level necessary for dismissal.

The Court finds that the Houcks have been given ample opportunity to properly serve FIA and have failed to do so. As this Court warned the Houcks, the July 8, 2010 extension was the final extension that would be granted.

Accordingly, this Court finds the Houcks have failed to properly serve FIA. As the current date is well beyond the deadlines set by this Court and the Rules of Civil Procedure, FIA's Motion to Dismiss is granted.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** the Defendant's Motion to Dismiss (Record Document 41) be and is hereby **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 4th day of October, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE